UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARTH JASON GUMIENNY,<br><br>         Petitioner,<br><br>v.<br><br>MICHAEL F. MARTEL, et al.,<br><br>         Respondent. | Case No.:  14cv2002-BAS (DHB)<br><br>**REPORT AND RECOMMENDATION REGARDING:**<br>**(1) RESPONDENT'S MOTION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS; AND**<br>**(2) PETITIONER'S MOTION FOR LEAVE TO AMEND** |

   Petitioner Garth Jason Gumienny, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence imposed by the San Diego County Superior Court in case number SCE289767.  Respondent moves to dismiss the Petition asserting it is time barred pursuant to 28 U.S.C. § 2244(d).  (ECF No. 10.)  Petitioner has filed an opposition, and Respondent has replied.  (ECF Nos. 17, 22.)  Petitioner has also filed a Motion for Leave to Amend the Petition, which Respondent opposes.  (ECF Nos. 24, 30.)  After a thorough review of the pleadings and all supporting documents, the Court finds the Petition is statutorily barred by the expiration of the limitations period.  Accordingly, the Court **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED**, and that

1

Petitioner's Motion to Amend be **DENIED**.

## I. PROCEDURAL BACKGROUND

On March 12, 2010, Petitioner pled guilty to sexual penetration of a child ten years of age or younger and committing a lewd act upon a child. (Lodgment No. 2; ECF No. 11-3.[1]) On August 10, 2010, Petitioner was sentenced to a prison term of 21 years to life. (*Id.*) Petitioner did not appeal his conviction.

On October 2, 2013, Petitioner filed a petition for writ of habeas corpus in San Diego Superior Court.[2] (Lodgment No. 5; ECF No. 11-6 at 67.) The petition was denied on December 13, 2013. (Lodgment No. 5; ECF No. 11-6 at 43.)

On February 17, 2014, Petitioner filed a petition for writ of mandate in the California Court of Appeal. (Lodgment No. 5; ECF No. 11-6 at 5.) The Court of Appeal construed the filing as a petition for writ of habeas corpus, and denied the petition on March 19, 2014. (Lodgment No. 6.)

On May 22, 2014, Petitioner filed a habeas petition in the California Supreme Court. (Lodgment No. 7; ECF No. 11-9.) On July 30, 2014, the petition was denied without comment. (Lodgment No. 8; ECF No. 11-10.)

On August 18, 2014, Petitioner constructively filed the instant federal Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1.) Petitioner raises four grounds for relief: (1) Miranda violation; (2) ineffective assistance of trial counsel; (3) denial of right to appeal; and (4) denial of transcripts. (*Id.*)

---

[1] For ease of reference, the Court includes citation to the page numbers imprinted at the top of the page by the Court's electronic case filing (ECF) system.

[2] For purposes of determining the date on which an incarcerated *pro se* habeas petitioner files a document with the court, courts generally apply the prison "mailbox rule" under which a petitioner is deemed to have filed the document on the date he deposited it to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988); *Anthony v. Cambra*, 236 F.3d 568, 574-75 (9th Cir. 2000). The "mailbox rule" "applies to prisoners filing habeas petitions in both federal and state courts." *Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001) (citing *Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2000)). Therefore, when referring to documents filed by Petitioner, the Court will cite to the signature date, rather than the date the documents were filed on the courts' dockets.

Respondent filed a Motion to Dismiss on November 17, 2014.  (ECF No. 10.)  On January 5, 2015, Petitioner filed an opposition and supplemental exhibits.  (ECF Nos. 17, 18.)  Respondent filed a reply on January 29, 2015.  (ECF No. 22.)

On January 28, 2015, Petitioner filed a Motion for Leave to Amend the Petition.  (ECF No. 24.)  Respondent opposed the motion on March 12, 2015.  (ECF NO. 30.)

## II. DISCUSSION

**A.     Motion to Dismiss**

Respondent argues the Court should dismiss the Petition because it is time barred by the one year statute of limitations set forth in 28 U.S.C. § 2244(d).  Petitioner counters that he is entitled to equitable tolling of the statute of limitations due to mental illness.

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year period of limitation applies to an application for writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The period for seeking direct review under Section 2244(d)(1)(A) includes the 60-day period within which Petitioner could have appealed his conviction.  *See* Cal. R. Ct. 8.308(a).  The one year limitations period begins to run on the day after judgment becomes final and terminates on the last day of the period.  *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

In this case, Petitioner was sentenced on August 10, 2010.  (Lodgment No. 2; ECF No. 11-3.)  Petitioner did not file a direct appeal, therefore his conviction became final 60 days later, on October 12, 2010.[3]   Thus, absent any tolling, Petitioner had one year, until October 12, 2011 to file his federal petition.  Petitioner filed his federal Petition on

---

[3] Respondent states that Petitioner's conviction became final on October 9, 2010.  (ECF No. 10-1 at 4.)  However, October 9, 2010 fell on a Saturday, and the following Monday, October 11, 2010 was Columbus Day.  Therefore, the last day Petitioner could have filed an appeal in the California Court of Appeal was Tuesday, October 12, 2010.  *See* Cal R. Ct. 8.810(a); Cal. Code of Civ. P. §§12a(a), 135.

August 18, 2014, approximately 2 years and 10 months (1041 days) after AEDPA's one-year statute of limitations had expired. Therefore, the Petition is untimely unless AEDPA's statutory tolling provision or the doctrine of equitable tolling extend the filing deadline.

1. <u>Statutory Tolling</u>

AEDPA's one year limitations period is tolled during the period of time a petitioner seeks post-conviction relief in state court. 28 U.S.C.A. § 2244(d)(2). Specifically, AEDPA's statutory tolling provision provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.A. § 2244(d)(2).

However, the statute of limitations is not tolled from the date on which the judgment became final and "the time the first state collateral challenge is filed because there is no case 'pending' during that interval." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) overruled on other grounds by *Harris v. Carter*, 515 F.3d 1051, 1053 (9th Cir. 2008).

Here, Petitioner filed his first petition for habeas relief in the California Court of Appeal on October 2, 2013.[4] (Lodgment No. 5; ECF No. 11-6 at 67.) By that time, AEDPA's one year statute of limitations had already expired. Specifically, the state

---

[4] Respondent notes that Petitioner filed a petition for writ of mandate on October 2, 2012. (Lodgment No. 3.) The Court of Appeal denied the petition without comment on November 28, 2012. (Lodgment No. 4.) However, this filing was not a habeas corpus petition because it did not directly attack Petitioner's conviction. Rather, Petitioner argued the Superior Court improperly denied his requests for free transcripts. *See e.g. Ramirez v. Yates*, 571 F.3d 993, 999-1000 (9th Cir. 2009) (holding motion that did not challenge the petitioner's conviction, but "simply 'sought material he claimed might be of help' in later state proceedings" did not toll the AEDPA limitations period); *McCaffery v. Henry*, 2008 WL 859455 (N.D. Cal. Mar. 28, 2008) (holding various filings the petitioner made in state court prior to filing her state habeas petitions did not constitute a challenge to her conviction). Moreover, even assuming the petition for writ of mandate were to be construed as a habeas petition, AEDPA's one year statute of limitations had already expired 356 days before the petition for writ of mandate was filed.

habeas petition had been filed approximately 2 years (721 days) after the limitations period ended. The filing of a state habeas petition after the limitations period expires "result[s] in an absolute time bar." *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (explaining that a state petition filed before AEDPA's limitations period runs will toll the limitations period, but a state petition filed after the limitations period ended will not). *See also Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2254(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

Thus, the Petition is untimely unless petitioner is entitled to equitable tolling.

2. <u>Equitable Tolling</u>

The United States Supreme Court has recognized that AEDPA's one year statute of limitations may be tolled for equitable reasons. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). *See also Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds by *Calderon v. United States Dist. Ct. (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998). In *Holland*, the Supreme Court held equitable tolling is appropriate when the petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). However, the Ninth Circuit has noted that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288 (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996)). *See also Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (noting equitable tolling "is unavailable in most cases"). The 'extraordinary circumstances' must be the "but-for and proximate cause" of the untimely filing. *Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir. 2001). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). The Ninth Circuit cautioned that district courts must

"take seriously Congress's desire to accelerate the federal habeas process" and "only authorize extensions when this high hurdle is surmounted." *Beeler*, 128 F.3d at 1289. The petitioner bears the burden of demonstrating that equitable tolling is warranted. *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005).

        a.      <u>Unavailability of Records</u>

The main thrust of Petitioner's argument that he is entitled to equitable tolling is based on mental impairment. However, to the extent Petitioner's argument is also based on the unavailability of records, the Court finds he is not entitled to relief.

Petitioner asserts that the state courts denied him access to free transcripts, which he contends he needed to substantiate his habeas corpus petition. It appears Petitioner ascribes a portion of his delay in timely filing his Petition due to his efforts to obtain free transcripts. The Ninth Circuit has held that equitable tolling may be appropriate if a petitioner was denied access to his legal materials. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 (9th Cir. 2009); *Lott v. Mueller*, 304 F.3d 918, 924 (9th Cir. 2002). A petitioner seeking equitable tolling on the basis of lack of access to a legal file "bears the burden of showing his own diligence and that the hardship caused by lack of access to his materials was an extraordinary circumstance that caused him to file his petition . . . late." *Waldron-Ramsey*, 556 F.3d at 1013. Here, Petitioner did not request the transcripts from the state court until May 16, 2012 – approximately seven 7 months (218 days) – after the AEDPA statute of limitations had already expired. (*See* Lodgment No. 5; ECF No. 11-7 at 26.) Therefore, he has not met his burden of showing that he was pursuing his rights diligently, or that the alleged delay was the "but-for and proximate cause" of the late filing. *Allen*, 255 F.3d at 800. Moreover, as the state court noted below, Petitioner could have filed his habeas petition without the transcripts, which it appears he ultimately did. (*See* Lodgment No. 5; ECF No. 11-6 at 74; ECF No. 11-7 at 49.) Thus, '[i]f diligent, he could have prepared a basic form habeas petition and filed it to satisfy the AEDPA deadline, or at least could have filed it less than [1041] days late assuming that some lateness could have been excused." *Waldron-Ramsey*, 556 F.3d at 1014 (denying

equitable tolling based on claimed lack of access to legal materials).

          b.     Mental Incompetency

In *Bills v. Clark*, 628 F.3d 1092 (9th Cir. 2010), the Ninth Circuit held that a petitioner's mental impairments may serve as the basis for equitable tolling. The Court formulated a two-part test:

> (1) *First*, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control, [] by demonstrating the impairment was so severe that either
>
> > (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
> >
> > (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) *Second*, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

*Bills*, 628 F.3d at 1099-1100.

Here, Petitioner claims that he suffered from mental illness that prevented him from timely filing his Petition. However, Petitioner presents scant evidence of his mental illness or treatment.[5] Petitioner provides a limited number of treatment records that date primarily from 2001 and 2002.[6] (*See* ECF No. 4 at 18-23.) Petitioner does not present any medical records from the relevant filing period, in particular from the time his conviction became final on October 12, 2010 until he filed the Petition on August 25,

---

[5] The Court finds Petitioner has not made "a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing." *Bills*, 628 F.3d at 1100. Accordingly, the Court finds the Motion to Dismiss can be resolved by reference to the record, and without an evidentiary hearing. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

[6] Petitioner submitted 5 military health records dated from November 6, 2001 to May 14, 2002. (ECF No. 4 at 18-23.) Petitioner also submitted a single Medical Encounter Form from the San Diego Sheriff's Department dated July 26, 2009 (ECF No. 1 at 40), and a single Medication Reconciliation Form from Richard J. Donovan Correctional Facility dated September 23, 2010. (ECF No. 4 at 31.)

2014.  The Court has carefully reviewed the records that Petitioner did submit, and finds that at most, the records show Petitioner had "mild situational depression" in 2001-2002 (ECF No. 4 at 18), and had been prescribed medication for depression and/or anxiety in July 2009 and September 2010.  (ECF Nos. 1 at 40; 4 at 31.)  These records do not demonstrate that Petitioner was in fact mentally impaired, much less suffering from a mental impairment that was so severe he was "unable rationally or factually to personally understand the need to timely file" or "unable personally to prepare a habeas petition and effectuate its filing."  *Bills*, 628 F.3d at 1099-1100.

Even assuming, without deciding, that Petitioner's unsubstantiated claims of mental illness should be credited, and that Petitioner is entitled to equitable tolling, the Petition would still be untimely.  Petitioner claims he "came out of mental incompetency" on January 15, 2012.  (ECF No. 17 at 30.)  Thereafter, Petitioner filed his first state habeas petition on October 2, 2013, approximately 1 year and 8 months (626 days) later.  Under the assumption the AEDPA statute of limitation was equitably tolled until January 15, 2012, at which point it began running again, the limitations period had expired by the time Petitioner's first state habeas petition was filed.  *See Jiminez v. Rice*, 276 F.3d at 482 (a state habeas petition filed after the limitations period expires "result[s] in an absolute time bar); F*erguson v. Palmateer*, 321 F.3d at 823.  Even if statutory tolling could be applied from October 2, 2013 to July 30, 2014, while the state habeas petitions were pending, the Petition would still be 645 days late.[7]  Thus, even assuming Petitioner is entitled to equitable tolling and statutory tolling, the Petition would be time barred.

Accordingly, the Court finds equitable tolling is not warranted in this case, and therefore RECOMMENDS the Motion to Dismiss be GRANTED.

/ / /

---

[7] The 645 days is comprised of 626 days from January 15, 2012 (the date equitable tolling ended and limitations period re-commenced) to October 2, 2013 (the date the first state habeas petition was filed) and 19 days from July 13 2014 (the date the last state habeas petition was denied) to August 18, 2014 (the date the federal Petition was filed).

### B.  Motion to Amend the Petition

Petitioner seeks leave to amend the Petition to assert additional claims. (ECF No. 24.) In light of the fact the Court finds the Petition is time barred, the Court finds amendment would be futile. Where amendment of a petitioner's petition would be futile, denial of leave to amend is appropriate. *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000); *Ascon Props., Inc. v. Mobile Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (leave to amend under Rule 15(a)(2) "need not be granted where the amendment . . . constitutes an exercise in futility . . ..") (citations omitted). Accordingly, the Court RECOMMENDS the Motion to Amend the Petition be DENIED.

### III. CONCLUSION

After a thorough review of the record in this matter and based on the foregoing analysis, the Court **HEREBY RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED**, and that Petitioner's Motion to Amend be **DENIED**.

The Court submits this Report and Recommendation to United States District Judge Cynthia Bashant under 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(d) of the United States District Court for the Southern District of California.

IT IS HEREBY ORDERED no later than **July 24, 2015** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED any Reply to the Objections shall be filed and served on all parties no later than ten (10) days after being served with the objections. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: July 8, 2015

DAVID H. BARTICK
United States Magistrate Judge