1

2

3

4

5

6

7

8
**UNITED STATES DISTRICT COURT**

9
**SOUTHERN DISTRICT OF CALIFORNIA**

10

11
GARTH JASON GUMIENNY,

Petitioner,

12

13
v.

14

15
MICHAEL F. MARTEL, et al.,

Respondent.

16

17

18

19

20

Case No. 14-cv-2002-BAS-DHB

**ORDER:**

**(1) OVERRULING PETITIONER'S OBJECTIONS;**

**(2) ADOPTING REPORT AND RECOMMENDATION;**

**(3) GRANTING RESPONDENT'S MOTION TO DISMISS; AND**

**(4) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

21      On August 18, 2014, Petitioner Garth Jason Gumienny, a state prisoner

22  proceeding *pro se*, filed the instant Petition for Writ of Habeas Corpus ("Petition")

23  under 28 U.S.C. § 2254. (ECF No. 1.) Petitioner seeks relief from a sentence of 21

24  years to life imposed after he pled guilty to (1) sexual penetration of a child ten years

25  of age or younger and (2) committing a lewd act upon a child. *Id*. On November 17,

26  2014, Respondent moved to dismiss the petition. (ECF No. 10.) On July 8, 2015,

27  United States Magistrate Judge David H. Bartick issued a Report and

28  Recommendation ("Report" or "R&R") recommending that this Court grant

1  Respondent's motion to dismiss and deny Petitioner's motion to amend the Petition.

2  (ECF No. 34.) Petitioner filed objections to the Report. (ECF No. 39.)

3       For the following reasons, the Court **OVERRULES** Petitioner's objections,

4  **ADOPTS** the Report in its entirety, **GRANTS** Respondent's motion to dismiss, and

5  **DENIES** Petitioner's motion to amend. Furthermore, the Court **DENIES** Petitioner's

6  application for a certificate of appealability. (ECF No. 41.)

7  **I.     LEGAL STANDARD**

8       The Court reviews *de novo* those portions of an R&R to which objections are

9  made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or

10  in part, the findings or recommendations made by the magistrate judge." *Id.* But

11  "[t]he statute [28 U.S.C. § 636(b)(1)(c)] makes it clear that the district judge must

12  review the magistrate judge's findings and recommendations de novo *if objection is*

13  *made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th

14  Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F.

15  Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed,

16  the district court had no obligation to review the magistrate judge's report). "Neither

17  the Constitution nor the statute requires a district judge to review, de novo, findings

18  and recommendations that the parties themselves accept as correct." *Reyna-Tapia*,

19  328 F.3d at 1121. This legal rule is well-established in the Ninth Circuit and this

20  district. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course,

21  de novo review of a[n] R & R is only required when an objection is made to the R &

22  R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.)

23  (adopting report in its entirety without review because neither party filed objections

24  to the report despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp.

25  2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

26  **II.    DISCUSSION**

27       Judge Bartick makes two relevant findings in the Report: (1) the Petition is

28  untimely and (2) equitable tolling does not apply. (Report 4:2–4; 8:22–23.) Petitioner

1    does not challenge Judge Bartick's finding that the Petition is untimely, but argues

2    that he is entitled to an evidentiary hearing on the question of Petitioner's mental

3    competence during the relevant filing period. The gravamen of Petitioner's objection

4    is that Petitioner put forward allegations of mental illness sufficient to compel the

5    magistrate to "order[] development of [the] factual record on eligibility for equitable

6    tolling due to mental incompetence." (Pet'r's Obj. 4:21–5:6.) Petitioner asserts that

7    further development of the record through an evidentiary hearing would allow him

8    to demonstrate that he is entitled to equitable tolling of the one-year limitation period

9    that governs his Petition under 28 U.S.C. § 2244.

10           **A. Equitable Tolling and Mental Impairment**

11           Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a

12    one-year period of limitation applies to an application for writ of habeas corpus filed

13    "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. §

14    2244(d)(1). This one-year statute of limitations may be tolled for equitable reasons.

15    *See Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling has been deemed

16    appropriate in cases arising under § 2244 if the petitioner can show: (1) that he has

17    been diligently pursuing his rights and (2) that an extraordinary circumstance

18    prevented timely filing. *Holland*, 560 U.S. at 649 (2010); *Ramirez v. Yates*, 571 F.3d

19    993, 997 (9th Cir. 2009). The petitioner must show that the extraordinary

20    circumstances actually caused the untimeliness. *Spitsyn v. Moore*, 345 F.3d 796, 799

21    (9th Cir. 2003). "[A] pro se petitioner's lack of legal sophistication is not, by itself,

22    an extraordinary circumstance warranting equitable tolling." *Raspberry v. Garcia*,

23    448 F.3d 1150, 1154 (9th Cir. 2006). That includes a petitioner's inability to correctly

24    calculate the limitations period. *Id*. Consequently, equitable tolling is "unavailable in

25    most cases" and has a "very high" threshold before it can be applied. *Miranda v.*

26    *Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

27           Where, as here, a petitioner's purported mental impairment serves as the basis

28    for an equitable tolling claim, a petitioner must demonstrate the impairment was so

1   severe that either: "(a) petitioner was unable rationally or factually to personally
2   understand the need to timely file, or (b) petitioner's mental state rendered him unable
3   personally to prepare a habeas petition and effectuate its filing." *Bills v. Clark*, 628
4   F.3d 1092, 1099–1100 (9th Cir. 2010). In addition, "the petitioner must show
5   diligence in pursuing the claims to the extent he could understand them, but that the
6   mental impairment made it impossible to meet the filing deadline under the totality
7   of the circumstances, including reasonable available access to assistance." *Id*. Here,
8   Judge Bartick found that the "scant evidence" presented by Petitioner (1) failed to
9   demonstrate mental impairment of sufficient severity to justify equitable tolling and
10  (2) did not constitute a non-frivolous showing of mental impairment such that
11  Petitioner was entitled to an evidentiary hearing. (Report 7:17–8:8.) Judge Bartick
12  further found that even assuming Petitioner's claims of mental impairment should be
13  credited, and that Petitioner is entitled to equitable tolling, the Petition would still be
14  untimely. (Report 8:9–21.) This Court agrees with Judge Bartick and finds
15  Petitioner's objections unavailing.

16      **B. Petitioner Was Not Entitled to an Evidentiary Hearing on the Question**
17          **of Mental Impairment**

18      Petitioner's objection that he was entitled to an evidentiary hearing on the
19  question of mental competency misconstrues the relevant standard. (Pet'r's Obj. 3–
20  5; 7:15–24.) Petitioner argues that his mere declaration that he was on mind-altering
21  medications is sufficient to compel an evidentiary hearing. This is incorrect. The
22  standard governing whether a petitioner is entitled to an evidentiary hearing is not
23  whether the petitioner has made conclusory assertions that mental impairment
24  prevented a timely filing. Rather, the standard is whether "the petitioner has made a
25  non-frivolous showing that he had a severe mental impairment during the filing
26  period that would entitle him to an evidentiary hearing[.]" *Bills*, 628 F.3d at 1100.
27  Such a showing requires "circumstances consistent with petitioner's petition . . .
28  under which he would be entitled to a finding of" mental impairment. *Laws v.*

1   *Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003.) Petitioner has not made a non-frivolous

2   showing of such circumstances. Instead, Petitioner simply asserts that during the

3   relevant filing period "he was suffering from mental incompetency" due to

4   psychiatric and pain medications "that limited his ability to understand legal

5   procedures[.]" (Pet'r's Obj. 3, 4.) The record reflects that the psychiatric and pain

6   medications to which Petitioner refers consisted of one or more anti-depressants and

7   pain relievers. (ECF No. 1 at 40; ECF No. 4 at 31.) Petitioner makes no suggestion

8   that there was something extraordinary about his pain medication or anti-depressants,

9   or that there were other medications not identified, such that he can establish that he

10   was "unable to rationally or factually understand the need to timely file" or that his

11   mental state "rendered him unable personally to prepare a habeas petition and

12   effectuate its filing." *Bills*, 628 F.3d at 1099–1100. Thus, Petitioner has not shown

13   that further development of the record would allow Petitioner to demonstrate the

14   severe mental incompetency he asserts. Under such circumstances, a court is not

15   required to grant an evidentiary hearing. *See Schriro v. Landrigan*, 550 U.S. 465, 474

16   (2007) ("In deciding whether to grant an evidentiary hearing, a federal court must

17   consider whether such a hearing could enable an applicant to prove the petition's

18   factual allegations, which, if true, would entitle the applicant to federal habeas

19   relief.").

20       Furthermore, Petitioner admits that during the period in which he claims

21   mental incompetency, he "ask[ed] 'Jailhouse Lawyers' about [his] avenues on

22   appeal" and thought "the process they explained seemed utterly impossible[.]" (ECF

23   No. 1 at 29–30.) Petitioner also explains that "for about 12 months" after his transfer

24   to state prison on August 26, 2010, Petitioner "made attempts to access the court to

25   appeal his case" even as he was "suffering from a mental defect and on mind altering

26   mediations." (ECF No. 1 at 152.) In other words, Petitioner's alleged mental

27   impairment did not, in fact, prevent him from seeking out legal advice during the

28   relevant filing period. Under these circumstances, where Petitioner's actions rebut

1    his factual allegations, the court is not required to hold an evidentiary hearing. *See*

2    *Schriro*, 550 U.S. at 474 ("[I]f the record refutes the applicant's factual allegations

3    or otherwise precludes habeas relief, a district court is not required to hold an

4    evidentiary hearing."); *see also Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998)

5    (affirming denial of an evidentiary hearing where the applicant's factual allegations

6    "fl[ew] in the face of logic in light of . . . [the applicant's] deliberate acts which are

7    easily discernible from the record).

8        **C. Crediting Petitioner's Claim of Mental Impairment Would Not**

9            **Render the Petition Timely**

10           Petitioner apparently fails to understand that even if the Court credits

11   Petitioner's contention that he "came out of mental incompetency" on January 15,

12   2012, the one-year limitations period still would have expired by the time Petitioner

13   filed his first state habeas petition on October 2, 2013. Judge Bartick made this point

14   explicitly in his report, and his analysis is correct. (Report 8:9–21.) Thus, even

15   assuming Petitioner is entitled to equitable tolling based on mental impairment severe

16   enough to satisfy *Bills*, the petition would nonetheless be time barred because

17   Petitioner made no filing by January 15, 2013—i.e., the end of a hypothetical

18   limitations period that credits Petitioner's claimed mental impairment. Accordingly,

19   the court is not required to hold an evidentiary hearing. *See Jiminez v. Rice*, 276 F.3d

20   at 482 (a state habeas petition filed after the limitations period expires "result[s] in

21   an absolute time bar"); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003);

22   *see also Schriro*, 550 U.S. at 474 ("[I]f the record refutes the applicant's factual

23   allegations *or otherwise precludes habeas relief*, a district court is not required to

24   hold an evidentiary hearing.") (emphasis added).

25       **D. Petitioner Was Not Misled by the Superior Court**

26           Petitioner also objects that the Magistrate failed to address Petitioner's claim

27   that he was "affirmatively misled" by Superior Court Judge John Thompson and that

28   this deception constitutes an "extraordinary circumstance" entitling Petitioner to

1   equitable tolling. (Pet'r's Obj. 8, 9.) Petitioner argues that Judge Thompson misled

2   the Petitioner by "telling him the court would consider the pleadings seeking relief

3   from the conviction" and then denying habeas relief after finding the petition was

4   untimely and did not present a prima facie case for relief. (Pet'r's Obj. 9:7–21.)

5         This accusation is meritless and misguided. Judge Thompson's September 12,

6   2012 order denying Petitioner's motion for transcripts—the order at the heart of the

7   alleged deception—simply states that even though Petitioner "failed to set forth

8   sufficient facts to show that the transcripts of his case are necessary at the present

9   time," he still "has the ability to set forth his contentions without the transcripts and

10  then the court considering his pleadings . . . can determine if a transcript of the hearing

11  is necessary." (ECF No. 1, Exh. D at 65.) There is no reasonable way to read this

12  statement as misleading. In fact, this portion of Judge Thompson's order impliedly

13  urges Petitioner to move forward with his habeas petition. Petitioner instead waited

14  another year before filing his first habeas petition, and the court ultimately found that

15  Petitioner had not set forth a prima facie statement of facts that would entitle him to

16  relief. (Lodgment No. 5; ECF No. 11-6 at 43.) This finding represents the court's

17  implicit determination that a transcript of the hearing was unnecessary. Thus, there

18  was nothing misleading about Judge Thompson's order. Petitioner's groundless

19  claim to the contrary cannot support a finding that equitable tolling is warranted.

20  **E. Amending the Petition is Futile Under the Circumstances**

21        Petitioner's precise objections to the Report's recommendation that his motion

22  to amend be denied are difficult to discern, but not difficult to decide. Petitioner's

23  objections fail to address the principle that a denial of leave to amend is appropriate

24  where amendment of a petitioner's petition would be futile. *See Ascon Props., Inc. v.*

25  *Mobile Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (leave to amend under Rule

26  15(a)(2) "need not be granted where the amendment . . . constitutes an exercise in

27  futility"); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Here,

28  the Magistrate correctly found that the Petition is time barred. Thus, amendment is

1   futile because the claims that Petitioner seeks to add would become part of this time-

2   barred Petition. Petitioner apparently believes the futility principle involves an

3   assessment of the merits of the additional claims asserted, but this is incorrect.

4   (Pet'r's Obj. 11.) Here, amendment is not futile because the additional claims are

5   weak; amendment is futile because regardless of the strength of the additional claims,

6   the petition itself is deficient. Accordingly, Petitioner's objection on this point fails.[1]

7   **III.   CONCLUSION & ORDER**

8         After considering Petitioner's objections and conducting a *de novo* review, the

9   Court concludes that Judge Bartick's reasoning is sound. Petitioner's habeas petition

10  is untimely and not entitled to equitable tolling, and amendment of the Petition would

11  be futile. In light of the foregoing, the Court **OVERRULES** Petitioner's objections,

12  **APPROVES** and **ADOPTS** the Report in its entirety, **GRANTS** Respondent's

13  motion to dismiss, **DENIES** Petitioner's motion to amend, and **DISMISSES**

14  **WITHOUT PREJUDICE** the Petition.

15        Moreover, a certificate of appealability may issue only if the applicant makes

16  a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

17  Under this standard, a petitioner must show that reasonable jurists could debate

18

---

19  [1] Petitioner makes a number of other objections that are either insufficiently specific, redundant, or meritless. Viewing these difficult to discern objections in a light most favorable to Petitioner, *see*

20  Pet'r's Obj. 2–7, Petitioner is essentially arguing that even though he "came out of mental incompetence on January 15, 2012," a lack of access to materials from May 16, 2012 through

21  October 2, 2013, allegedly caused by obstruction by the state court, constitutes an extraordinary circumstance entitling him to equitable tolling. (Pet'r's Obj. 7:3–7.) Petitioner, however, fails to

22  acknowledge that the Magistrate did, in fact, address this argument, noting that "Petitioner could have filed his habeas petition without the transcripts, which it appears he ultimately did." (Report

23  6:23–24.) Indeed, the Superior Court Judge advised Petitioner of this option in the Judge's motion denying Petitioner's request for transcripts. In short, Petitioner has not shown that "the hardship

24  caused by lack of access to his materials was an extraordinary circumstance that caused him to file

25  his petition . . . late." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 (9th Cir. 2009).

26  The Court also reviewed objections Petitioner made under other headings of his Objection.

27  Petitioner's arguments in Section I (titled "Denial of Right to Appeal") and Section V (titled "Cause and Prejudice") fail because, among other reasons, they fail to show that Petitioner was

28  entitled to equitable tolling. Petitioner's objection in Section VI (titled "Judicial Notice") is off point as it reflects a misunderstanding of Federal Rule of Evidence 201.

1   whether the petition should been resolved in a different manner or that the issues

2   presented were adequate to deserve encouragement to proceed further. *Miller-El v.*

3   *Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484

4   (2000)). Here, Petitioner has not made the requisite showing. Because reasonable

5   jurists would not find the Court's assessment of the claims in the petition debatable

6   or wrong, the Court **DENIES** Petitioner's application for a certificate of

7   appealability. *See Slack*, 529 U.S. at 484.

8       **IT IS SO ORDERED.**

9

10  **DATED:  November 4, 2015**

11  Hon. Cynthia Bashant
    United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28